Oberlander v Simon
2026 NY Slip Op 03450
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Frederick M. Oberlander, et al., appellants,
v
Bradley D. Simon, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-08685, (Index No. 612110/22)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Law Office of Frederick M. Oberlander, P.C., New York, NY (Frederick M. Oberlander pro se of counsel), for appellants.
Schlam Stone & Dolan LLP, New York, NY (John Moore of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated June 26, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Bradley D. Simon which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging a violation of Judiciary Law § 487 insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2022, the plaintiffs commenced this action, inter alia, to recover damages for a violation of Judiciary Law § 487. The plaintiffs alleged that in April 2015, the defendant Bradley D. Simon, through his former law firm, the defendant Simon & Partners, LLP, replaced the plaintiff Frederick M. Oberlander as counsel of record for Jody Kriss in two actions pending in the United States District Court for the Southern District of New York. Thereafter, in November 2015, at a hearing held in connection with Kriss' purported contempt of certain sealing orders, Felix Sater presented a pro se brief allegedly filed by Kriss, indicating that Kriss was in possession of documents that were previously ordered to be destroyed. In response, Simon argued that Kriss had never seen the brief before. After the hearing, Simon also filed an affidavit, on behalf of Kriss, in which Kriss averred that "he never approved filing anything under seal."
In December 2022, Simon moved, among other things, pursuant to CPLR 3211(a) to dismiss the cause of action alleging a violation of Judiciary Law § 487 insofar as asserted against him. In an order dated June 26, 2023, the Supreme Court, inter alia, granted that branch of Simon's motion. The plaintiffs appeal.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Barbetta v NBCUniversal Media, LLC, 227 AD3d 763, 765 [internal quotation marks omitted]; see Ofman v Richland, 234 AD3d 865, 866).
"Pursuant to Judiciary Law § 487, an attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party is liable to the injured party for treble damages" (Langton v Sussman & Watkins, 238 AD3d 726, 730 [internal quotation marks omitted]). "[A]n injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of Judiciary Law § 487" (id. [internal quotation marks omitted]). "Thus, to state a cause of action alleging a violation of Judiciary Law § 487, the plaintiff must plead allegations from which damages attributable to the defendants' conduct might be reasonably inferred" (id. [internal quotation marks omitted]).
Here, accepting the allegations in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, the allegations were insufficient to establish that the alleged acts of deceit were the proximate cause of any injury to the plaintiffs (see Judiciary Law § 487; Langton v Sussman & Watkins, 238 AD3d at 730; cf. Garanin v Hiatt, 219 AD3d 958, 959).
The plaintiffs' remaining contention is without merit.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court